UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| PATRICK JOSEPH GROULX, et al., | Case No. 1:25-cv-11499 |
| *Plaintiffs*, | Laurie J. Michelson |
| v. | United States District Judge |
| SAGINAW COUNTY, et al., | Patricia T. Morris |
| *Defendants*. | United States Magistrate Judge |
| _____/ | |

**OMNIBUS ORDER RESOLVING**
**ECF Nos. 25, 28, 31, 32, 50, 61, and 65.**

**I.    Introduction**

Patrick Joseph Groulx filed this *pro se* civil rights case under 42 U.S.C. §§ 1983 and 1985 against Saginaw County and the Saginaw County Community Mental Health Authority in the Saginaw County Circuit Court. Plaintiff[1] alleges Defendants and their employees[2] infringed on his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments. (ECF No. 1). Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. (*Id.*).

---

[1] The United States of America and the State of Michigan are listed as Plaintiffs on the docket. However, as they have shown no interest in intervening or otherwise participating in Groulx's lawsuit (*see* ECF No. 60), they will not be discussed further except as provided below with respect to ECF No. 61.

[2] Plaintiff did not sue the employees individually and instead only named Saginaw County and Saginaw County Community Mental Health, alleging they are "liable for [their] employees' actions." (ECF No. 1, PageID.29).

1

Plaintiff has since filed numerous motions, which will be addressed below.[3] For reasons explained below, the motions will be resolved as follows:

- Plaintiff's motions to seal the record (ECF Nos. 25, 31) will be **DENIED WITHOUT PREJUDICE**;

- Plaintiff's motions for protective order (ECF Nos. 28, 32) will be **DENIED**;

- Plaintiff's objection (ECF No. 65) to Defendant Saginaw County's response (ECF No. 63) for failure to serve will be **RESOLVED**;

- Plaintiff's motion for leave to reply and to file and receive filings via email (ECF No. 50) will be **DENIED**; and

- Plaintiff's motion for extension (ECF No. 61) will be **DENIED AS MOOT**.

## II. Discussion

### A. Background

Plaintiff alleges Defendants engaged in a conspiracy to commit fraud against the United States by urging Plaintiff to apply for disability benefits based on false mental health claims, violating his due process and liberty rights. (ECF No. 1-1, PageID.23). He further alleges he was falsely imprisoned from February 5 to February 10, 2021, due to baseless allegations of mental illness, which deprived him of his rights against unreasonable seizure, cruel and unusual punishment, and due

---

[3] ECF Nos. 7, 13, 26, 52, and 67 will be addressed in a separate Report and Recommendation.

2

process.  (*Id.* at PageID.10, 27).  The petition for mental health treatment was dismissed after a judge ordered outpatient treatment and services.  (*Id.* at PageID.17; ECF No. 8, PageID.219–20).  He asserts Defendants engaged in a conspiracy by embedding falsehoods into his medical file, infringing his due process rights.  (ECF No. 1-1, PageID.21).

On June 27 and July 7, 2023, Plaintiff says he attempted to get his medical records amended, which Defendants refused to do, infringing his due process rights.  (*Id.* at PageID.18–19, 32).  Defendants then unlawfully retaliated against him by dispatching sheriff's deputies to his home, depriving him of his right to petition the government for redress, subjected him to cruel and unusual punishment and improper treatment, and deprived him of his due process rights.  (*Id.* at PageID.25–26, 33).  Other allegations against Defendants include a threatened assault to inject a chemical substance into him.  (*Id.* at PageID.30).  Plaintiff seeks between $65 and $90 million in damages for the alleged infringements on his rights.  (*Id.* at PageID.47–48).

Defendants removed the case from state court to federal court and filed an answer, asserting a number of affirmative defenses.  (ECF Nos. 1, 5).  Plaintiff has filed numerous other motions, detailed below.

    **B.**    **Plaintiff's Motions to Seal (ECF Nos. 25, 31)**

Plaintiff filed two motions to seal, which seem to be identical except one is heavily redacted. (*Compare* ECF No. 25 *with* No. 31). He requests the Court seal "[e]very Document filed that is not redacted" including his complaint, Defendants' answer, and every motion and court order. (ECF No. 25, PageID.524–25). Plaintiff argues these documents should be sealed under the False Claims Act (FCA), and also because they contain private information leading to a risk of harm. (*Id.* at PageID.641). He claims redacting documents is not enough to protect his privacy interests because private information "is all over them." (*Id.* at PageID.642). Plaintiff also asks for leniency for his improper filings because he is *pro se* and did not know the privacy rules when filing the motions. (*Id.* at PageID.641–42). Finally, he states that sealing the documents will keep the case fair. (*Id.* at PageID.642).

A movant carries a heavy burden to overcome the strong presumption that records filed with the court be done openly:

> Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. Thus, only the most compelling reasons can justify non-disclosure of judicial records. This heavy burden must be met even if no party objects, and it requires a document-by-document, line by line analysis justifying an order to seal. And an order to seal must be narrowly tailored to serve the compelling reason for the seal.
>
> Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of public access.

4

*Worthy v. Mich. Dep't of Corr.*, No. 18-cv-12451, 2019 WL 13201917, at *1 (E.D. Mich. Nov. 19, 2019) (citation modified).

Plaintiff's motions wholly fail to comply with the Local Rules governing such motions and will thus be denied. Local Rule 5.3(b) requires:

> (2) A party or other person seeking to file a document under seal in a civil case under this section must file and serve a motion to authorize sealing that is *narrowly tailored to seek sealing in accord with applicable law*.
>
> (3) Procedure for Moving to File Under Seal.
>
>> (A) Motion. Any motion to file under seal must contain:
>>
>>> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
>>>
>>> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;
>>>
>>> (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom;
>>>
>>> (iv) for each proposed sealed exhibit or document, *a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority*;
>>>
>>> (v) a redacted version of the document(s) to be sealed, . . . ; and
>>>
>>> (vi) an unredacted version, filed as a sealed exhibit, . . . .

E.D. Mich. LR 5.3(b) (emphases added).

Plaintiff's motions are not "narrowly tailored to seek sealing in accord with applicable law." E.D. Mich. LR 5.3(b)(2). Indeed, his motions seek to seal every document—including his complaint—filed in this case. Plaintiff does not identify any law or precedent that would allow the Court to grant such broad relief.

For example, Plaintiff's reliance on the FCA is unavailing for several reasons. First, his original complaint does not include any claims under this act. Second, even pursuant to Plaintiff's argument, the deadline to unseal those documents has since passed. (*See* ECF No. 31, PageID.640 (arguing documents should be sealed under the FCA until September 8, 2025)).

His arguments under the Health Insurance Portability and Accountability Act (HIPAA) are also unavailing. HIPAA restricts *health care providers'* right to disclose certain information. *Worthy*, 2019 WL 13201917, at *1. Here, Plaintiff—by his own filings—allegedly disclosed sensitive health information, which he is free to do. Moreover, he has placed his medical conditions directly at issue by claiming Defendants have falsified his mental health records and has thus waived any prior privilege or protection. *Id.*

Plaintiff cannot cite to the entire record and claim there is sensitive information he inadvertently filed somewhere in it. Indeed, Plaintiff's motion to seal covers more than 500 pages of documents. It is not this Court's duty to search the entire record looking for information to redact or seal. *Charmed Ent., LLC v.*

6

*PrimeOne Ins. Co.*, No. 22-cv-10893, 2023 WL 3901487, at *2 (E.D. Mich. June 8, 2023) ("Judges are not like pigs, hunting for truffles that might be buried in the record." (citation modified)).

Nor are Plaintiff's pleas of mistake or innocence as to the Local Rules or the Rules of Civil Procedure availing. Indeed, Plaintiff has filed at least fifteen lawsuits in this district alone since 2019 and has been enjoined from filing further suits without first obtaining leave. *See Groulx v. Takeda Pharm. Co.*, No. 24-cv-12000, 2025 WL 415746, at *6 (E.D. Mich. Feb. 6, 2025) (enjoining Plaintiff). *Pro se* litigants with extensive litigation experience are not entitled to the normal leniency afforded such litigants, especially regarding easily understood rules. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff argues sealing the records rather than redacting them is necessary because "private information is all over them." (ECF No. 31, PageID.642). However, a review of the information Plaintiff has chosen to redact in his twin motions to seal shows the Court that Plaintiff has overstated the amount of private information. (*Compare* ECF No. 25 *with* No. 31). For example, Plaintiff has redacted Defendants' names, the dates of filings, and even basic terms such as "medical records" or general allegations of "wellness checks or harassment." (*Id.*). Plaintiff's first proposed amended complaint is similarly redacted, and additionally redacts the statutes he relies on, the relief he seeks, and almost every alleged fact.

7

(ECF No. 26).  This is not the type of "private information" that meets the heavy burden justifying an order to seal.  Instead, Plaintiff "must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016) (citation modified).  Therefore, Plaintiff's motions to seal the record (ECF Nos. 25, 31) are **DENIED WITHOUT PREJUDICE**.

      C.    **Plaintiff's Motions for Protective Order (ECF Nos. 28, 32)**

Plaintiff filed a motion seeking a protective order instructing Defendants to designate all sensitive documents as confidential and to restrict their use to this litigation; to return or destroy these documents at the conclusion of this case; to prohibit the sharing of these documents; and to use only the redacted versions of Plaintiff's filings.  (ECF No. 32, PageID.655).[4]  Plaintiff is again concerned with private information he has inadvertently shared with Defendants during this litigation.  (*Id.* at PageID.653).

Federal Rule of Civil Procedure 26(c)(1) allows a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" which, among other things, (1) forbids the disclosure of discovery; (2) specifies terms for discovery; (3) prescribes certain

---

[4] ECF No. 28 is a redacted version of ECF No. 32, similar to Plaintiff's motions to seal discussed above.  The Undersigned will not further discuss ECF No. 28, but the analysis and conclusion apply equally to that motion.

8

discovery methods; or (4) forbids inquiry into certain matters. However, federal discovery rules are generally liberal and flexible. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13 (2002). As such, "[t]o establish good cause for a protective order under [Rule] 26(c), [federal] courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (citation modified); *see also Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). Good cause exists if "specific prejudice or harm will result" from the absence of a protective order. *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016).

Similar to Plaintiff's motions to seal, he has not focused on any particular and specific facts, nor shown that any specific prejudice or harm will result from the absence of a protective order. Instead, his motion is rife with conclusory and stereotyped descriptions of harm. The Court will not, in the absence of specificity the Rules call for, issue an order restricting all documents as confidential, demand all documents returned or destroyed, or require the use of Plaintiff's "redacted" filings, which are illegible due to the significant amounts of redactions, as discussed above. Therefore, Plaintiff's motions for a protective order (ECF Nos. 28, 32) are **DENIED**.

### D.     Motion for Late Reply (ECF No. 50)

On July 24, 2025, Defendants filed responses to several of Plaintiff's motions. (*See* ECF Nos. 34, 35, 36, 39, 43).  On July 30, Plaintiff filed a "reply" to these responses, indicating he had not received the filings yet via first-class mail.  (ECF No. 44).  On August 4, Plaintiff filed the instant motion, seeking leave to file a consolidated reply brief of 35 pages to these filings, to extend his time to file the reply brief 14 days, and to order Defendants to serve all future filings via email, arguing he could not timely file reply briefs to the five response briefs.  (ECF No. 50, PageID.846).

Plaintiff acknowledges he received the response briefs on July 31 and calculated that his deadline to reply was August 4, according to the Rules of Civil Procedure and Local Rules.  (*Id.* at PageID.843).  He argues he had insufficient time to formulate reply briefs to these five separate filings before the August 4 deadline and thus his failure to respond on time was "excusable neglect" under Rule 6(b)(1)(B).  (*Id.*).

The Court finds these arguments unpersuasive.  A review of the record shows that Defendants responded to Plaintiff's motions to seal (ECF Nos. 25, 31), motion to amend (ECF No. 26), and motions for protective order (ECF Nos. 28, 32), on July 24, 2025.  (*See* ECF Nos. 34–43 (one brief for each Defendant in opposition to five motions)).  On July 30, Plaintiff filed five reply briefs to the responses not at issue

10

here—*i.e.*, the briefs he allegedly received "on time," all of which were filed by Defendant Saginaw County. (*See* ECF Nos. 45–49). The briefs that did not arrive until July 31 were filed by Defendant Saginaw County Community Mental Health Authority.

Thereafter, Plaintiff calculates he had five days to respond (until August 4). Plaintiff has shown his prior ability to quickly respond to Defendant Saginaw County's briefs—on the same subject matter as those at issue here. He had time to reply and chose instead to request additional time and pages in which to respond.

The Undersigned notes two additional points. First, to the extent Plaintiff blames Defendants' litigation tactics, the Court notes Plaintiff caused the deluge of motions which required Defendants' prompt responses. (*See* ECF Nos. 25, 26, 28, 31, 32 (Plaintiff's motions all filed July 10)). Second, two of these motions were redacted versions of two others, and Defendants only filed one response per set of motions. (*See* ECF Nos. 36, 43 (incorporating arguments from ECF Nos. 34, 39)). So Plaintiff only had three response briefs to reply to in five days, rather than five. As this Court has seen, this is well within Plaintiff's capability.

Additionally, Plaintiff replied to Defendant Saginaw County's response briefs to these motions—which largely mirror the arguments and analysis of Defendant Saginaw County Community Mental Health Authority. His arguments about due process are unavailing; courts have rejected such arguments even when a plaintiff

11

did not have an opportunity to file a reply brief. *Cf. Johnson v. Eppinger*, No. 19-cv-984, 2020 WL 8771326, at *17 (N.D. Ohio June 1, 2020) (collecting cases discussing no denial of due process without opportunity for reply brief), *report and recommendation adopted sub nom*, *Johnson v. Foley*, 2021 WL 861509 (N.D. Ohio, Mar. 8, 2021). Ultimately, Plaintiff had notice and an opportunity to be heard (and has been heard) on these motions and responses, the cornerstone of due process.

Plaintiff also requests all future filings be served on him via email. (ECF No. 50, PageID.846). Plaintiff argues he is registered for PACER and therefore has consented to receive electronic filings via email. (ECF No. 54, PageID.964). However, Plaintiff ignores that he has not been granted permission to electronically file documents in this case, and such permission must be granted "on a case-by-case basis." E.D. Mich. Electronic Filing Policies and Procedures, at 5 (available at https://www.mied.uscourts.gov/PDFFIles/policies_procedures.pdf). Nor is the Undersigned inclined to grant him access in this case, given his filing history. *See e.g.*, *Newberry v. Cox Media Grp., LLC*, No. 25-cv-215, 2025 WL 2443080, at *1 (S.D. Ohio, Aug. 25, 2025) (denying access based on filing history). Nonetheless, Defendant Saginaw County has agreed to serve Plaintiff both via email and mail.[5] (ECF No. 66, PageID.1134). Defendant Saginaw County Community Mental Health

---

[5] The Undersigned also deems this consideration to **RESOLVE** Plaintiff's objection (ECF No. 65) to Defendant Saginaw County's response (ECF 63) for failure to serve. The Undersigned will not further consider this objection.

Alliance may choose to do the same. Thus, the Court **DENIES** his motion for leave to reply and to file and receive filings via email. (ECF No. 50).

### E.  Motion for Extension (ECF No. 61)

The United States and Michigan filed a joint statement of interest in Plaintiff's first and second motions to amend, asserting they had an interest "in ensuring procedurally improper claims are not filed on their behalf," and detailing that Plaintiff could not bring a *qui tam* suit under the FCA *pro se*. (ECF No. 60, PageID.1049–50). Plaintiff acknowledges caselaw prohibits him from filing a *qui tam* suit *pro se* and filed a motion seeking: (1) guidance from this Court on his *qui tam* action; (2) permission to give a status update on search for counsel; and (3) a ninety-day extension to retain counsel. (ECF No. 61).

As the ninety days Plaintiff requested to continue to search for counsel has expired with no appearance filed on Plaintiff's behalf, Plaintiff's motion for an extension (ECF No. 61) of time to seek counsel will be **DENIED AS MOOT**.

## III.  Conclusion

For these reasons, the Undersigned hereby **ORDERS** that

- Plaintiff's motions to seal the record (ECF Nos. 25, 31) are **DENIED WITHOUT PREJUDICE**;

- Plaintiff's motions for protective order (ECF Nos. 28, 32) are **DENIED**;

- Plaintiff's objection (ECF No. 65) to Defendant Saginaw County's response (ECF 63) for failure to serve is **RESOLVED**;

- Plaintiff's motion for leave to reply and to file and receive filings via email (ECF No. 50) is **DENIED**; and

- Plaintiff's motion for extension (ECF No. 61) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:  December 16, 2025                         S/PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge

14