UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK JOSEPH GROULX,

    Plaintiff,

v.

SAGINAW COUNTY et al.,

    Defendants.

Case No. 25-11499
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

---

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
[74, 77]; ADOPTING REPORT AND RECOMMENDATION IN MOST
PART [73], DENYING PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT [7], MOTION TO STRIKE DEFENDANT'S ANSWER [13],
AND MOTIONS TO AMEND HIS COMPLAINT [26, 52, 67]**

---

Patrick Joseph Groulx is no stranger to this Court.[1] His tale, memorialized in various forms, across various lawsuits, including this one, is as follows: In November 2020, he was hospitalized for approximately 30 days in McLaren Bay Regional's

---

[1] *See, e.g., Groulx et al v. Dollar General Corporation, et al*, Case No. 21-10811 (filed 3/29/21); *Groulx v. People's Republic of China (PRC)*, Case No. 22-11369 (filed 6/21/22); *Groulx v. Saginaw County Road Commission*, Case No. 22-12049 (filed 8/29/22); *Groulx v. Dollar General Corporation, Inc. et al*, Case No. 22-12050 (filed 8/29/22); *Groulx v. Zawadski*, Case No. 22-12294 (9/27/22); *Groulx v. People's Republic of China et al*, Case No. 22-12295 (filed 9/27/22); *Groulx v. Dollar General Corporation Inc. et al*, No. 22-12297 (filed 9/27/22); *Groulx v. China National Chemical Company, et al*, 24-11760 (filed 7/8/24); *Groulx v. Mobile Medical Response Inc.*, Case No. 24-11953 (filed 7/22/24); *Groulx v. Janssen Pharmaceuticals et al*, Case No. 24-11960 (filed 7/22/24); *Groulx v. Covenant Medical Center, Inc. et al*, Case No. 24-11989 (filed 7/30/24); *Groulx v. CSL Limited et al*, Case No. 24-11996 (filed 7/30/24); *Groulx v. Master*, Case No. 24-11997 (filed 7/30/24); *Groulx v. Takeda Pharmaceutical Company et al*, Case No. 24-12000 (filed 7/30/24); *Groulx v. CSX Corporation*, Case No. 25-10934 (filed 4/1/25); *Groulx v. Takeda Pharmaceutical Company Limited et al*, Case No. 25-11667 (filed 6/04/25).

Behavioral Health Unit. (ECF No. 1-1, PageID.8.) When he was discharged, he was referred to the Hope Network and the Saginaw County Community Mental Health Authority for continued care. (*Id.*) At some point after his release, he was arrested for failure to comply with an order he signed "under duress" while at McLaren. (*Id.*) All of this was done in error, says Groulx, because he does not have a mental illness, but rather is suffering the effects of a "hazardous chemical assault by Nutrien Ag Solutions." (*Id.*)

Several years later, on April 2, 2025, Groulx brought this suit against Saginaw County and the Saginaw County Community Mental Health authority in state court, seeking redress for various wrongs he alleges occurred during his hospitalization and subsequent arrest, including, among other things, McLaren's failure to investigate his "chemical injury." (ECF No. 1-1.) Defendants removed the case to federal court on May 21, 2025 (ECF No. 1) and answered Groulx's complaint a week later (ECF No. 5). That same day, Groulx filed a motion for default judgment (ECF No. 7), relying on a clerk's entry of default he obtained in the state court on May 21, 2025. (ECF No. 9, PageID.296.) Groulx then filed a motion to strike Defendants' answer, finding it "frivolous, harassing, scandalous, and part of a conspiracy to deprive Plaintiff of his constitutional rights." (ECF No. 13, PageID.333.)

As Groulx's motions were pending, he filed several other non-dispositive motions (ECF No. 25, 28, 31, 32, 50, 61), which were resolved by Magistrate Judge Patricia Morris (ECF No. 71) to whom the case was referred for all pretrial proceedings (ECF No. 6).

2

Judge Morris' report and recommendation on the dispositive motions (ECF No. 73) and Groulx's objections (ECF No. 74, 77 (reply brief)), are now before the Court. For the reasons below, the Court overrules Groulx's objections, adopts the report and recommendation in most part, but declines to adopt Judge Morris' recommendation that the Court enjoin Groulx from future filings without leave of court as such an injunction already exists in this District. *See, e.g., Groulx v. Takeda Pharmaceutical Company, et al*, Case No. 24-12000 (E.D. Mich. Feb. 6, 2025), ECF No. 8.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)).

To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D.

Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

## A.

As an initial matter, Groulx made no objections to Judge Morris' recommendation to terminate the United States of America and the State of Michigan as proposed *qui tam* plaintiffs. (*See generally*, ECF No. 74). The Court thus finds that Groulx has waived this Court's review of the magistrate judge's findings on that claim. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) ("[A] party shall file objections with the district court or else waive right to appeal."); *Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that the Sixth Circuit's rule of procedural default does not violate either the Federal Magistrates Act or the federal Constitution); *see also Garrison*, 2012 WL 1278044, at *8 ("The Court is not obligated to review the portions of the report to which no objection was made.").

As to the remaining recommendations and objections, the Court has carefully reviewed Groulx's complaint (ECF No. 1-1), his motion for default judgment (ECF No. 7), his motion to strike Defendants' answer (ECF No. 13), his motions for leave to amend his complaint (ECF Nos. 26, 52, 67), Judge Morris' report and recommendation (ECF No. 73), Groulx's objections (ECF No. 74; ECF No. 77 (reply brief)), Defendants' responses (ECF No. 75, 76) and Groulx's reply (ECF Nos. 77), and all other applicable filings and law. Having conducted this *de novo* review, the Court

4

finds that Judge Morris' factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound.

**B.**

Groulx's objections do not move the needle.

First, as to Judge Morris' recommendation denying Groulx's motion for default judgment and dissolving the state court judgment, Groulx merely re-argues that the state court default was entered before Defendants filed their notice of removal. (ECF No. 74, PageID.1653–1654.) But Defendants' have proof otherwise. (ECF No. 14-5, PageID.467.) And Judge Morris considered Groulx's arguments in his initial motion but rejected them, finding Defendants' evidence more persuasive. (ECF No. 73, PageID.1633.) In any event, Judge Morris noted this dispute was immaterial to her recommendation, because even if the state court default was valid, she would find good cause to set it aside. (*Id.* at PageID.1633–1634.) So Groulx's efforts to re-argue the rejected factual issue of whether the notice of removal preceded the entry of default fail to undermine Judge Morris' analysis and recommendation. *See, Powers v. Durrani*, No. 18-788, 2020 WL 5526401, at *1 (S.D. Ohio Sept. 15, 2020) ("Objections to reports and recommendations are not meant to be vehicles for repeating arguments that the magistrate judge already considered."); *See Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition [or] dispute the correctness of a report and recommendation without specifying the findings purportedly in error . . . .") (citation modified).

5

Second, Groulx objects to Judge Morris' recommendation denying his motion to strike defendant's answer. (ECF No. 74, PageID.1658.) Here, Groulx argues that Judge Morris has erred because in his view, Defendants' answer contains "verifiable" mistruths—like Defendants' denial of their publicly-available address. (*Id.*) On this point, Groulx again merely restates the same meritless arguments made in his initial motion, which Judge Morris considered and rejected as frivolous. (ECF No. 73, PageID.1635); *see, e.g., Caddell v. Campbell*, No. 19-91, 2021 WL 2176597, at *7 (S.D. Ohio May 28, 2021) ("Parties are expected to identify 'specific objections' to a magistrate judge's opinion, rather than simply rehash the same arguments that led to the magistrate judge's opinion in the first instance, without even referring to that opinion."). This Court agrees and finds his objection similarly meritless.

Third, Groulx objects to Judge Morris' recommendation denying, in part, Groulx's three requests for leave to amend his complaint. (ECF No. 74, PageID.1662.) Here, Groulx argues that all *Foman v. Davis* factors weigh in his favor, (ECF No. 74, PageID.1662 (citing 371 U.S. 178, 182 (1962)), and that barring him from amending "punishes [him] for imperfections inherent in [his pro se] status." (*Id.*)

But Groulx's amendments seek to do far more than cure imperfections: He seeks to add several new defendants, who he has been aware of for some time. (ECF No. 73, PageID.1641.) He also wants to add two new claims entirely—*qui tam claims*—which, it should be noted, cannot be brought *pro se* (ECF No. 60, PageID.1050), the government has no interest in (*id.*), and that have no evident merit. For these reasons, Groulx's objections fail to persuade.

## II.

There is, however, a portion of Judge Morris' ruling that the Court does not adopt in full. In the present report and recommendation, Judge Morris recommends that the Court enjoin Groulx from future filings without leave of Court. But Judge Ludington has already done so. *See, e.g., Groulx v. Takeda Pharmaceutical Company, et al*, Case No. 24-12000 (E.D. Mich. Feb. 6, 2025), ECF No. 8 (order enjoining Groulx from future filings without leave of Court).) So the Court does not find it necessary to issue a separate order doing the same.

Accordingly, the Court OVERRULES Groulx's objections to Judge Morris' report and recommendation (ECF Nos. 74, 77), ADOPTS the recommended disposition (ECF No. 73) in most part, but DENIES the recommendation to enjoin Groulx from future filings without leave of Court as MOOT.

SO ORDERED.

Dated: February 17, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE