**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

PATRICK JOSEPH GROULX,

*Plaintiff,*

*v.*

SAGINAW COUNTY, et al.,

*Defendants.*
__________________________________/

Case No. 1:25-cv-11499

Laurie J. Michelson
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER GRANTING NON-PARTY HON. PATRICK J. MCGRAW'S MOTION TO QUASH SUBPOENA (ECF No. 90)**

## I. Introduction

Plaintiff Patrick Joseph Groulx filed this *pro se* civil rights case under 42 U.S.C. §§ 1983 and 1985 against Saginaw County and Saginaw County Community Mental Health Authority. Plaintiff alleges Defendants and their employees infringed on his due process rights, his rights against unreasonable seizure, retaliation, cruel and unusual punishment, and to petition. (ECF No. 1).

Before the Court is a motion to quash a subpoena issued by Plaintiff to non-party the Honorable Patrick J. McGraw. (ECF No. 90). For the reasons below, this motion will be **GRANTED**. The subpoena will be **QUASHED** and no action should be taken to comply with it.

## II. Background

The subpoenaed non-party is the chief judge of the Saginaw County Probate Court.[1] Chief Judge McGraw has presided over probate proceedings concerning Plaintiff. Plaintiff's subpoena requests Chief Judge McGraw produce a sworn affidavit, explaining:

> (a) [His] belief, if any, that [he] w[as] manipulated and/or conned by McLaren doctors (or doctors/staff affiliated with McLaren HealthCare) in connection with any proceedings, orders, wellness checks, mental health evaluations, petitions, or other matters involving Patrick-Joseph Groulx;
>
> (b) [His] belief, if any, that [he] w[as] manipulated by doctors or staff affiliated with Saginaw County Community Mental Health Authority (SCCMHA) and/or Hope Network in connection with any such matters involving Patrick-Joseph Groulx;
>
> (c) The specific evidence of wrongdoing by the above-referenced doctors (McLaren, SCCMHA, and/or Hope Network) that stunned [him], including how, when, and under what circumstances [he] became aware of such evidence, what the evidence consisted of, and how it affected [his] actions, decisions, or beliefs regarding any matter involving Patrick-Joseph Groulx.

(ECF No. 90-2, PageID.1906–07 (citation modified)).

Chief Judge McGraw argues that the subpoena should be quashed because it seeks protected information concerning his mental processes and reasoning in performing his judicial duties. He further argues that the subpoena imposes an undue

[1] https://www.saginawcountymi.gov/courts-public-safety/courts/probate-court/ (last visited Aug. 25, 2026).

burden because it requires him, a non-party, to prepare an affidavit concerning judicial proceedings over which he presided. (ECF No. 90).

Plaintiff responds that he does not seek insight into Chief Judge McGraw's deliberative processes but instead seeks factual information concerning the source of information presented to Chief Judge McGraw.[2] Plaintiff further argues that Chief Judge McGraw possesses relevant information because Defendants identified him in their Rule 26(a)(1) initial disclosures as an individual likely to have discoverable information. (ECF No. 91, PageID.1955–56).

## III. Legal Standard

Under Federal Rule of Civil Procedure 45(a), "a party may serve a subpoena on a non-party . . . commanding that party to 'attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises' at a specified time and place." *Atlantech, Inc. v. Am. Panel Corp.*, No. 11–50076, 2011 WL 2078222, at *2 (E.D. Mich. May 24, 2011); *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a non-party may be compelled to produce documents and

[2] Plaintiff asserts that he was not served with Chief Judge McGraw's motion and learned of the filing only after accessing PACER. (ECF No. 91, PageID.1939). The certificate of service accompanying the motion does not indicate that Plaintiff was served with the filing. Counsel for Chief Judge McGraw is reminded of their obligation under Federal Rule of Civil Procedure 5 to serve all filing requiring service on Plaintiff. However, as Plaintiff's response comprehensively sets forth his arguments in opposition to quashing the subpoena, no prejudice has occurred.

tangible things or to permit an inspection."). A court *must* quash a subpoena if it (1) fails to give the party a reasonable time to comply or requires compliance beyond the applicable geographic limits, (2) requires the disclosure of either privileged or other protected matter in the absence of an applicable exception or waiver, or (3) would be unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A); *see also Atlantech, Inc.*, at *2. A court *may* quash or modify a subpoena if it requires the disclosure of (1) "a trade secret or other confidential research, development, or commercial information" or (2) "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B); *see also Atlantech, Inc.*, at *2. "The party seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *Atlantech, Inc.*, at *2.

"The United States Supreme Court has long recognized the importance of respecting the judicial process, including protecting a judge from the type of scrutiny as is sought in the instant case." *Kananian v. Brayton Purcell*, LLP, No. 1:07-CV-3188, 2009 WL 10689208, at *5 (N.D. Ohio May 29, 2009) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941)). However, "[u]ndoubtedly due to the rare nature of an occasion on which a party makes the bold decision to subpoena a judge, there is very little authority in the Sixth Circuit related to this issue." *Id.* Nonetheless, other Court of Appeals and district courts throughout the country have nearly

unanimously disallowed discovery into a judge's mental processes. *Id.* at *5–*7 (collecting cases).

"A different standard applies if the information sought is factual only, unrelated to a judge's mental processes." *Id.* at *9. However, "even if a party characterizes questions as factual in nature and claims that they do not implicate the judge's mental processes, if such questions are so directly tied to, and so strongly infer, the judge's mental processes, they shall not be permitted." *Id.* (citation modified). "Stated differently, even though a particular inquiry may be factually directed, it may still be objectionable if it invades upon an official's good-faith decision-making prerogative." *Id.* (citation modified).

## IV. Analysis

Here, Plaintiff's subpoena seeks information concerning Chief Judge McGraw's mental processes while presiding over probate proceedings involving Plaintiff. Specifically, Plaintiff seeks to compel Judge McGraw to prepare a sworn affidavit explaining whether he believed that he was "manipulated and/or conned" by various doctors or healthcare providers, identifying evidence of wrongdoing that "stunned" him, and explaining how that evidence affected his "actions, decisions, or beliefs" regarding matters involving Plaintiff. (ECF No. 90-2, PageID.1905–07). These requests necessarily inquire into Judge McGraw's subjective beliefs, reasoning, and decision-making in connection with the performance of his judicial

duties. Accordingly, the subpoena requires disclosure of protected information and must be quashed under Rule 45(d)(3)(A)(iii).

Plaintiff's characterization of the subpoena as seeking only factual information does not change this outcome. Although Plaintiff asserts that he seeks information concerning the source of information presented to Chief Judge McGraw, the subpoena is not limited to such factual information. Rather, as discussed above, it expressly asks Judge McGraw to explain his beliefs and how particular information affected his actions and decisions. *See Kananian*, 2009 WL 10689208, at *9 ("A careful review of the arguments in support of the so-called factual information reveals them to be nothing but a subterfuge, designed to distract the Court from the true purpose for the subpoena, which is to delve into Judge Hanna's mental processes. Although Mr. Andreas characterizes these topics as factual, and contends that they do not implicate the Judge's mental processes, this Court finds that such areas of inquiry are inextricably intertwined with the Judge's mental processes, and thus they are prohibited."). Likewise, the fact that Defendants identified Judge McGraw in their Rule 26(a)(1) initial disclosures as an individual who may possess discoverable information does not render his judicial mental processes discoverable. Because the subpoena must be quashed on this basis, the Court need not address Chief Judge McGraw's alternative argument that the subpoena imposes an undue burden under Rule 45(d)(3)(A)(iv).

## V. Conclusion

For these reasons, non-party Hon. Patrick J. McGraw's motion to quash (ECF No. 90) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Date: August 25, 2026

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge